NUMBER 13-10-00160-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

                                  CORPUS
CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KEVIN
KING,                                                                                  Appellant,

 

v.

 

THE
STATE OF TEXAS,                                                                
Appellee,

 

 



On appeal from the 252nd
District Court

of Jefferson County,
Texas.

 

 



MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides

Memorandum
Opinion by Chief Justice Valdez

            Appellant,
Kevin King, was charged by indictment with one count of assault on a public
servant, a third-degree felony.[1] 
See Tex. Penal Code Ann. §
22.01(a)(1), (b)(1) (Vernon Supp. 2010).  Pursuant to a plea bargain with the
State, King pleaded “guilty” to the offense.  The trial court found King guilty
of the offense, placed him on community supervision for seven years, and
imposed a $750 fine and $200 in court costs.

            Later,
the State filed a motion to revoke King’s community supervision, alleging that King
had failed to:  (1) report to the trial court on specified dates; (2) adhere to
a court-imposed curfew; and (3) successfully complete the Jefferson County Drug
Intervention Program.  At the hearing on the State’s motion to revoke, King
pleaded “true” to the first and third allegations and “not true” to the second
allegation contained in the State’s motion to revoke.  The trial court accepted
King’s pleas of “true” to the first and third allegations of the State’s motion
to revoke, revoked King’s community supervision, sentenced him to ten years’
incarceration in the Institutional Division of the Texas Department of Criminal
Justice, and assessed $668 in court costs.  This appeal followed.   

King’s appellate counsel, concluding that there are Ano
meritorious issues for appeal,@ filed an Anders
brief, in which he reviewed the merits, or lack thereof, of the appeal.  We
affirm.

I. Anders Brief

Pursuant
to Anders v. California, 386 U.S. 738, 744 (1967), King’s court‑appointed
appellate counsel has filed a brief with this Court, stating that his review of
the record yielded no grounds or error upon which an appeal can be predicated. 
Although counsel=s
brief does not advance any arguable grounds of error, it does present a
professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced in this appeal.  See In re Schulman, 252 S.W.3d
403, 407 n.9 (Tex. Crim. App. 2008) (AIn
Texas, an Anders brief need not specifically advance >arguable= points of error if
counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.@) (citing Hawkins
v. State, 112 S.W.3d 340, 343-44 (Tex. App.BCorpus Christi 2003, no pet.)); Stafford
v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  

In compliance with High v. State, 573 S.W.2d 807,
813 (Tex. Crim. App. [Panel Op.] 1978), King’s counsel has carefully discussed
why, under controlling authority, there are no errors in the trial court's
judgment.  Counsel has informed this Court that he has:  (1) examined the
record and found no arguable grounds to advance in this appeal, (2) served a
copy of the brief and counsel=s motion to withdraw on
King, and (3) informed King of his right to review the record and to file a pro
se response in this matter.[2] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed, and King has not filed a pro se response.  See In re
Schulman, 252 S.W.3d at 409.

II.
Independent Review

 

Upon receiving an Anders brief, we must conduct a
full examination of all the proceedings to determine whether the case is wholly
frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We have reviewed
the entire record and counsel's brief and have found nothing that would
arguably support an appeal in this matter.  See Bledsoe v. State, 178
S.W.3d 824, 826-28 (Tex. Crim. App. 2005) (ADue
to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.@); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III.
Motion to Withdraw

 

In accordance with Anders, King’s attorney has
asked this Court for permission to withdraw as counsel.  See Anders, 386
U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing
Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.BDallas
1995, no pet.) (noting that A[i]f an attorney believes
the appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous@) (citations omitted)).  We grant
counsel=s
motion to withdraw.  Within five days of the date of this Court=s
opinion, counsel is ordered to send a copy of the opinion and judgment to King
and advise him of his right to file a petition for discretionary review.[3] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

                                                                                    ____________________

Rogelio
Valdez

                                                                                                Chief
Justice

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered
and filed the 

21st
day of December, 2010.

 









[1] The indictment included an
enhancement paragraph stating that King is a habitual felony offender.

 





[2] The Texas Court of Criminal Appeals
has held that Athe pro se response need not comply
with the rules of appellate procedure in order to be considered.  Rather, the
response should identify for the court those issues which the indigent
appellant believes the court should consider in deciding whether the case
presents any meritorious issues.@  In re Schulman, 252 S.W.3d
403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955
S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).





[3] No substitute counsel will be
appointed.  Should King wish to seek further review of this case by the Texas
Court of Criminal Appeals, he must either retain an attorney to file a petition
for discretionary review or file a pro se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3; 68.7.  Any petition for discretionary review should comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.